**FILED**
JUN 0 2 2025
CLERK U.S. DISTRICT COURT
TEXAS EASTERN

TARRANT COUNTY, TEXAS
MAR 24, 2025
TIME 3:22 PM
BY _____ mw _____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | In The |
| v. | § | 485th District Court |
| Brian Jacob Cole, Defendant in error | § | Tarrant County, Texas |

## Application For Pretrial Writ of Habeas Corpus

I brian: cole, a living man motion this court to grant a pretrial writ of habeas corpus, in support of this writ shows the failure of the state to introduce non hearsay testimony to show probable cause which entitles the defendant in error to be released from custody and to be freed of the retaliatory motivation of the DA/Judge in their vindictive prosecution of cause numbers: 1787785 and 1788991 with no merit solely to penalize and continue to increase severity of charges and shall be liable for tort of such extreme and outrageous conduct. It shall also be noted the 485th District Court has retaliated against me since inception of above causes and I also have substantial proof they are being bribed to target me.

.. From the beginning of the above cause numbers there has been a procedural miscarriage of justice and unconstitutional obstruction of due process by the entire group of Tarrant County "officials". The false arrest happened on 7-13-23 and several rearrests to follow from Tarrant County and Fort Worth Police Department without probable cause nor exigent circumstances to justify the warrantless arrests. "Any arrest without proper warrant, signed by a judge and backed up by an affidavit from two persons that states, under penalty of perjury, you have broken a contract or hurt somebody, if challenged by the defendant is presumptively invalid... the burden is upon the state to justify it as authorized statute, and does not violate the constitutional provisions and or human rights. State v. Mastrian, 171 N.W. 2d 695 (1969); Butler v. State, 212 So. 2d 577 (Miss 1968)

With no crime, no breach of peace, no affidavit, or proper warrant they would kidnap me and extort me for money. It is stated in the Fourth Amendment of the U.S. Constitution: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." After original false imprisonment and multiple rearrests they failed to have an examining trial as I had requested and per the Texas Code of Criminal Procedures Article 15.17. Shortly afterwards they produced defective indictments that fail to: establish probable cause, state "True Bill", have a proper court seal, wet ink signature with date, or have grand jury minutes and are a direct and unjustifiable penalty that law is being unconstitutionally applied per article I, section 12(b) of the Texas Constitution and Texas Code of Criminal Procedures Article 21.02.

2. Lacking clear and convincing evidence beyond a reasonable doubt that the above case numbers were committed or providing a pretrial resolution right to avoid trial like former jeopardy or to prevent multiple punishments and prosecutions for the same offences where no final determination of guilt or innocence has been made constitutes a violation of the applicants statutory and constitutional right to be free from double jeopardy per the Fifth Amendment as stated: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall

092

be private property be taken for public use, without just compensation."

3. The 485th District Court lacks jurisdiction being this court is non judicial and only administrative being it is using Bill of Attainders (Article 1, Section 9, Clause 1 of the U.S. Constitution). No action can be taken by a judicial officer - Court actor in the absence of jurisdiction and they have further failed to uphold, preserve, protect and defend the Constitution per their Oath of office. "An officer who acts in violation of the Constitution ceases to represent the government." Brookfield Const. Co. v. Stewart, 284 F. Supp. 94.

The 485th District Court became an inferior court of limited jurisdiction when along with a statute, see 21 C.J.S. Courts §2. "When acting to enforce a statute & subsequent amendments to the present date, the judge of the court is acting as an administrative officer and not in a judicial capacity; courts administrating or enforcing statutes do not act judicially, but merely administerially... but merely act as an extension as an agent for the involved agency, but only in a "ministerial" and not a discretionary capacity..." Thompson v. Smith, 154 S.E. 579, 583; Keller v. P.E., 261 US 428; F.R.C. v. G.E., 281, U.S. 464.

Confinement and excessive pretrial release because bond is excessively and oppressively high is in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution; Article 1 Sections 11 & 13 of the Texas Constitution & Texas Code of Criminal Procedures Article 17.15 (2) The power to require bail is not to be used as to make it an instrument of oppression. Robinson v. California, 372 U.S. 660-666 (1962), provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The defendant in error is being unlawfully held and "illegally restrained in his liberty" per Texas Code of Criminal Procedures Article 11.14, 11.01

## Prayer For Relief

Applicant requests that the court conduct an evidentiary hearing n this Application for Pretrial Writ of Habeas Corpus and upon conclusion thereof issue writ discharging applicant from the threat of further prosecution of Cause No's: 1787785, 1788991.

## Order

On the _____ day of _____ 2025 an evidentiary hearing was held and it appears to the court that this Writ be:

Granted _____  Date _____

Denied _____  Date _____

BC 3-19-25
Brian Cole #243102 B6
Denton County Jail
127 N. Woodrow Lane
Denton, Texas 76205-6301

Pg 4