IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN JACOB COLE, #243102 B6 | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 4:25-CV-595-SDJ |
| | § | |
| SHERIFF, DENTON COUNTY | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation (Dkt. #10) recommending that the petition for writ of habeas corpus be dismissed without prejudice under the *Younger v. Harris*, 401 U.S. 37 (1971), abstention doctrine, or, alternatively, for failure to exhaust available state remedies. The Report also recommended that a certificate of appealability be denied. Petitioner filed objections. (Dkt. #12).

In the objections, Petitioner asserts that *Younger* abstention does not apply because there is evidence that the state court proceedings were "motivated by bad faith." (Dkt. #12 at 2). Specifically, he alleges that the "485th District Court administrative tribunal is biased and has been vexatiously litigating these bogus charges with zero merit." *Id.* Petitioner also argues that the "state forum [is] incompetent due to bias" and thus "[i]rreparable injury" and "deprivation of legal rights" will occur if the Court does not consider his habeas petition. *Id.* at 3.

"The bad faith exception is narrow and is to be granted parsimoniously." *Wightman v. Texas Supreme Ct.*, 84 F.3d 188, 190 (5th Cir. 1996). The *Younger* exception for bad faith prosecutions primarily is applied in two circumstances: when

1

a state commences a prosecution or proceeding to retaliate for or deter constitutionally protected conduct, or when the prosecution or proceeding is taken in bad faith or for the purpose to harass. *Bishop v. State Bar of Texas*, 736 F.2d 292, 294 (5th Cir. 1984).

> To invoke this exception, the [petitioner] must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive. Mere conclusory allegations of bias are insufficient to overcome *Younger*—a [petitioner] seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception.

*Malone v. Dutton*, No. A-16-CA-1183-SS, 2017 WL 4399564, at *4 (W.D. Tex. Oct. 3, 2017) (citations omitted), *appeal dismissed*, 2017 WL 9249944 (5th Cir. Dec. 6, 2017).

Petitioner does not identify the actions of the trial court that constitute bad faith. He does not offer proof that the trial court took any action for a retaliatory, harassing, or other illegitimate motive. Petitioner appears to simply disagree with the trial court's rulings in his pending criminal case, which is insufficient to show bad faith. *See Farkas v. Ocwen Loan Servicing, L.L.C.*, 725 F. App'x 273, 277 (5th Cir. 2018), *cert. denied*, 586 U.S. 946 (2018). Moreover, Petitioner's allegations of trial court bias are conclusory and thus insufficient to overcome *Younger* abstention.

Petitioner's contention that *Younger* abstention does not apply because there is a "lack of timely state remedies" and no "alternative state forum where constitutional issues can be raised" (Dkt. #12 at 3) is without merit. The ongoing state proceeding affords Petitioner an adequate opportunity to raise his constitutional challenges. *Wightman*, 84 F.3d at 189. Petitioner may avail himself of opportunities to litigate his claims before the trial court, and he will also have an avenue to present

them on direct appeal and any other state court postconviction remedies under Article 11.07 of the Texas Code of Criminal Procedure. Under these circumstances, the Court must abstain from asserting jurisdiction under *Younger*. The Court finds that the Magistrate Judge correctly applied the doctrine of *Younger* in recommending abstention.

Furthermore, even if this case were the rare pretrial habeas matter not barred by *Younger*, the Magistrate Judge correctly found that Petitioner has failed to exhaust his state remedies, which precludes federal habeas relief. In the objections, Petitioner does not refute that finding. Instead, he appears to seek an order from the Court compelling the state court to rule on his application for a writ of habeas corpus that he allegedly filed on March 24, 2025. *Id.* The Court does not have the authority to compel the state judge to rule on Petitioner's motions in his state court criminal case. *See Moye v. Clerk, Dekalb Cnty. Super. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (holding that a federal district court is not authorized to direct state officials in the performance of their duties).

Finally, Petitioner objects to the Report's recommendation that a certificate of appealability be denied, arguing that the Magistrate Judge "made a determination of hypothetical correct results or outcome of how potential jurists would rule on a future appeal and is an abuse of discretion and of [P]etitioner's due process . . . rights." (Dkt. #12 at 4). The Magistrate Judge recommended that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. (Dkt. #10 at 7). The Report reflects the correct standard for a certificate of appealability. For

3

the reasons stated in the Report, the Court declines to issue a certificate of appealability. Petitioner's objections are without merit.

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice. It is further **ORDERED** that a certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 14th day of September, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE